**William C. Hartray, Administrator, Appellee, v. City of Chicago, Appellant.**

**Gen. No. 20,858.     (Not to be reported in full.)**

Appeal from the Superior Court of Cook county; the Hon. Rich-
ARD E. Burke, Judge, presiding. Heard in the Branch Appellate
Court at the October term, 1914. Affirmed. Opinion filed January
11, 1916.

### Statement of the Case.

Action by the administrator of the estate of Thomas
M. Smith, deceased, plaintiff, against the City of Chi-
cago, defendant, for damages for the death of intes-
tate alleged to have been caused by the negligence of
defendant. From a judgment in favor of plaintiff for
$8,500, defendant appeals.

This case was before this court at a former term
on an appeal prosecuted by the defendant from a judg-
ment in favor of plaintiff, reported in 182 Ill. App.
134, reversing the judgment because of error in im-
properly admitting testimony of the existence of a
particular defect in the street pavement of Elston
avenue, in the City of Chicago, which did not con-
tribute to the injury of plaintiff's intestate, and on
the further ground that the evidence did not suffi-
ciently prove that the defendant, the City of Chicago,
had notice either of the existence of a certain other
defect, if any existed in said street, or of its danger-
ous condition, if it was dangerous, which contributed
to the injury and death of plaintiff's intestate.

The deceased, at the time in question, was driving
in a southerly direction on Elston avenue, in the City
of Chicago, a four-mule team with a heavy wagon at-
tached thereto. There were three witnesses to the ac-
cident, all of whom testified in behalf of the plaintiff.
Their evidence tended to show that the accident oc-

curred in the nighttime, and that as the mules reached the south cross-walk of Armitage avenue, where the latter street intersects Elston avenue, the right front wheel of the wagon in question dropped into a deep hole in the pavement in Elston avenue, at a point south of the center line of Armitage avenue, causing the deceased to fall from his seat on the wagon to the street pavement, sustaining injuries which resulted in his death.

Fred Tiedge and Stanley Feist, two of the witnesses to the accident, did not testify at the first trial, but testified at the second and third trials of this case. Their testimony at the last hearing, as to the location of the hole in question, was that the right front wheel of the wagon dropped into a hole on the *outside* of and immediately adjoining the *west* rail of the southbound street car track on Elston avenue, which testimony, in that regard, was at variance with the testimony of Mary Becker. Fred Tiedge and Stanley Feist testified that the wagon went into a hole in front of Paylor's saloon. Tiedge testified that, ''The man fell off to the Paylor way    *   *   *.'' The entrance to the Paylor saloon was on the southwest corner of Armitage and Elston avenues. Mary Becker testified that, ''The hole was right in front of Paylor's saloon    *   *   * *inside* of the southbound track    *   *   *. He fell right *straight in the front, mostly toward Paylor's saloon.*    *   *   * He laid in the middle of the southbound track.'' Stanley Feist did not testify as to the direction in which the body of the deceased fell. Five other of plaintiff's witnesses corroborated the testimony of Tiedge and Feist as to the location of the hole in question, and that such condition had existed there during all of that winter. On the other hand, several other witnesses testified, in behalf of the city, that there was no hole at the place in question of the size and character testified to by plaintiff's witnesses.

JOHN W. BECKWITH, N. L. PIOTROWSKI, RICHARD S. FOLSOM and CHARLES R. FRANCIS, for appellant; DAVID R. LEVY, of counsel.

C. HELMER JOHNSON and DANIEL BELASCO, for appellee.

MR. JUSTICE McGOORTY delivered the opinion of the court.

## Abstract of the Decision.

1. WITNESSES, § 257*—*what is effect of variance in testimony.* Variance in the testimony of witnesses as to the exact location of an accident goes simply to their credibility.

2. MUNICIPAL CORPORATIONS, § 1098*—*when evidence sufficient to sustain verdict in action for negligent death.* In an action against a city for the death of a person caused by the wheel of a wagon in which he was sitting falling into a hole in the pavement and throwing him upon the pavement, *held* that the verdict was not against the manifest weight of evidence.

3. APPEAL AND ERROR, § 1185*—*what is extent of review of evidence by Appellate Court.* The Appellate Court must review a case from the record presented, and cannot inspect the transcript in a former hearing to determine questions of fact.

4. WITNESSES, § 342*—*when admissibility of evidence as to location of hole in pavement not affected by variant testimony.* The fact that the sole witness at the first trial of a case against a city for damages, for the death of a person caused by the wheel of the wagon in which deceased was sitting, falling into a hole in the pavement and throwing him out, testified that the hole was at a certain place, does not render inadmissible at a subsequent trial the testimony of other witnesses that the hole was at another place.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.